IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT LEE FRENCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:09-CV-594-WKW |
| | ) |
| CAPITAL ONE BANK (USA), *et al.*, | ) |
| | ) |
| Defendants. | ) |

### **ORDER**

Before the court is a Stipulation of Dismissal (Doc. # 47), filed by Plaintiff and Defendants Equifax Information Services, LLC, Homecomings Financial, LLC, Alabama Telco Credit Union, Experian Information Solutions, Inc., and Capital One Bank (USA), N.A. (improperly designated as Capital One Bank). The stipulation is construed as a motion for an order of dismissal, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.[1] Upon consideration of the motion (Doc. # 47), it is ORDERED that the motion is GRANTED, and that Plaintiff's claims against the above-listed Defendants are DISMISSED with prejudice, with each party to bear his or its own costs.

---

[1] A request to dismiss an action requires a court order and dismissal by terms the court considers "proper" if Rule 41(a)(1) does not apply. Fed. R. Civ. P. 41(a)(2). Rule 41(a)(1)(A) allows for dismissal without a court order: (i) before an opposing party serves either an answer or a motion for summary judgment; or (ii) if the joint stipulation of dismissal is signed by all of the parties who have appeared. All parties have filed answers, and not all of the parties who have appeared in this action have signed the stipulation. *See Anderson-Tully Co. v. Fed. Ins. Co.*, 347 F. App'x 171, 176 (6th Cir. 2009) ("[F]or purposes of Rule 41(a)(1)(A)(ii), which is clearly one means of crossing the threshold between the [litigation and appeal] stages, the appeal-stage side of the threshold clearly favors our construing the phrase 'all parties who have appeared' (and the word 'parties' in particular) as including both current and former parties."). Dismissal, thus, must be by motion. Fed. R. Civ. P. 41(a)(2).

The Clerk of the Court is DIRECTED to close this case.

DONE this 3rd day of June, 2010.

                                                /s/  W. Keith Watkins
                                         UNITED STATES DISTRICT JUDGE